George Andrews, J.,
delivered the opinion of the Court.
*33 The bill of complaint in this cause, alleges that the defendant, Eifler, is indebted to the complainants, and is. about fraudulently to dispose of his property, and prays for the issuance of an attachment against his property. The attachment was issued and levied upon the property of the defendant. , (
After the levy of the attachment, Joseph Davenport filed a petition in the cause, showing that the goods attached, had been assigned to hinT before the issuance of the attachment, by deed of trust made by said Eifler, and prayed to be allowed to enter his appearance as a party defendant in the cause, and for leave to file an answer.
The petition was granted by an order upon the record, which, though defective in form, sufficiently shows that leave was. granted to Davenport to become a party and to make defense.
A plea in abatement was then filed for Eifler and Davenport, jointly, which denies the ground of attachment alleged in the bill, to-wit: That Eifler was about fraudulently to dispose of his property. This plea was sworn to by Davenport, but not by Eifler.
Whether this verification of the plea was sufficient, we do not stop to consider, as the complainants treated it as a valid plea, proceeded to take' testimony for the purpose of proving the plea to be false; and do not appear by the record, to have taken any exception to its regularity, until the hearing in this Court.
This was a waiver of the objection. The plea is sufficient in its averments, and the complainants had the *34 right to waive the verification of it if they chose to do so. A- party who has the right to have a pleading disregarded or stricken out, for defective form or verification, must make his election in due time, and can not, after treating it as valid, taking testimony upon the issue made by it, and going to a hearing upon it, then object, for the first time, to the validity of the pleading, and allege that all his own proceedings upon it were erroneous. This plea must be held for the purposes of this cause, to be sufficiently verified.
The complainants proved by the witness, Koehler, that Eifler, after the assignment was made, told him that he had made him, Koehler, a preferred creditor; “that some of his creditors, who had pushed him for pay, he would not pay if he could prevent it; that is, instead of paying such debts, he would make me a preferred creditor; ***** that if he could prevent it, he would not pay those who pushed him.”
As against Eifler, these declarations must be held sufficient evidence of such intent to defraud, as would authorize an attachment against his property.
Eifler had the right to prefer a portion of his creditors; and the necessary effect of an assignment making such preferences might be to delay or defeat those not so preferred; and if the deed was accepted by the trustee in good faith, and without any knowledge of, or participation in, any fraudulent intent, the deed would not be void as against the trustee and those who accepted the benefits of the trust. And a deliberate intention, on the part of the assignor, that certain creditors should not *35 be paid out of the property' assigned until a preferred class should be paid, is not, without more, a fraudulent intent.
But, if a debtor conveys his property to a trustee, not for the purpose of merely preferring one creditor to another, but for the express purpose, and with the deliberate intent, to defraud a particular creditor or class of creditors, and wholly and absolutely to defeat the recovery of their debts, this intent being a controlling motive in the debtor’s mind, then that intent is such an intent to defraud as will justify the issuance of an attachment against his property, though the conveyance actually made might be valid in the hands of the trustee, and the property conveyed, therefore not liable to seizure under the attachment.
But Eifler’s admissions, made after the execution- and-delivery of the assignment, do not bind Davenport; and there is no proof in this record, on which, if the matter were in issue, we could adjudge this assignment- void as to the latter.
Davenport has not put his title to the property in issue, and the evidence introduced as to the validity of the deed is wholly irrelevant as to him.
The plea in this cause was as to the jurisdiction of the Court, and put in issue nothing except the right of the complainants to have a writ of attachment against the property of Eifler. Davenport could not have himself made a party to the suit for the mere purpose of denying that the Court had any jurisdiction of the suit as against Eifler. If he wished an adjudication as to the validity of his title to the property., he should have *36 put that matter in issue by proper pleadings, so as to enable the Court so pass upon it.
But Davenport has no interest in the question, whether the complainants are entitled to an attachment as against Eifler, unless it appear that such attachment has interfered or will interfere with his own rights of property. Davenport’s deed may be valid, and the complainants still have a right to issue an attachment against the property of Eifler, and to make it available, if they can without interfering with the rights of Davenport.
And even if the validity of Davenport’s title were in issue in the cause, the evidence wholly fails to show that he has any interest in the property attached, and sought to be reached in this suit. The deed of assignment is not in the record, and there is no proof of its contents, that it was a general assignment, or that it had any reference to the property seized under the attachment.
As the evidence showed that Eifler intended fraudulently to dispose of his property, that the attachment was properly granted, and that the Court had jurisdiction of the cause, the Chancellor should have found the plea false as to Eifler, and have rendered a decree against him.
But, as Davenport’s title is not in issue, and he does not allege or prove any interest in the subject matter of this suit, we can make no decree as to the validity of his claims.
The suit as against Davenport, must be dismissed without prejudice. But as he has voluntarily caused *37 himself to be made a party to this proceeding, and has shown no interest in the matter in litigation, he must pay his own costs.
The decree of the Chancellor will be reversed as to Eifler, and the cause remanded to the Chancery Court, with directions to ascertain the amount due to complainants, and to render a decree in their favor for the amount so ascertained, and to make the necessary orders and decrees for the satisfaction of that decree.